Tommie **HEADS**, Jr., Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72–1956

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1972.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

Harry H. Walsh, Staff Counsel for inmates, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellant.

Crawford Martin, Atty. Gen., Robert Darden, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Tommie Heads, Jr., appeals from an order of the District Court denying his petition for habeas corpus relief. We affirm.

In his petition appellant raised a number of grounds which included coerced confession, lack of adequate counsel, and the admission of prejudicial evidence. The District Court found no ground amounted to a denial of constitutional rights. The sole issue on appeal is whether the admission at his state trial for murder of testimony concerning two other murders, for which he was then charged and to which he later pled guilty, was so prejudicial that it amounted to a denial of due process.

Under Texas law, the evidence concerning the other killings which happened as an integral part of the same occurrence as the murder for which appellant was on trial, was admissible to show intent, Ellisor v. State, 162 Tex.Cr. R. 117, 282 S.W.2d 393 (1955); malice, Moss v. State, 364 S.W.2d 389 (Tex. Crim.App.1963); and motive, Moses v. State, 168 Tex.Crim.R. 409, 328 S.W.2d 885 (1959). We further note that the record of the state trial, which was before the federal habeas court, discloses that the jury was given appropriate limiting instructions as requested by appellant's counsel. See Spencer v. Texas, 385 U.S. 554, 560–562, 87 S.Ct. 648, 651–653, 17 L.Ed.2d 606 (1967).

As a general rule, questions involving the admission of evidence are not subject to review by a federal court in a habeas corpus proceeding initiated by a state prisoner unless that is an error of such magnitude as to deny fundamental fairness to the criminal trial. Burgett v. Texas, 389 U.S. 109, 113–114, 88 S.Ct. 258, 261, 19 L.Ed.2d 319 (1967); United States ex rel. Harris v. Illinois, 457 F.2d 191, 198 (7th Cir. 1972); Williams v. Wainwright, 427 F. 2d 921 (5th Cir. 1970); Nees v. Culbertson, 406 F.2d 621 (5th Cir. 1969). Without intending to enunciate an all inclusive rule, we hold that the evidence of the other connected murders admitted here, followed by a proper instruction to the jury on the limited purposes for which the evidence may be considered, did not infringe upon the fairness of Head's trial. Spencer v. Texas, supra; Gephart v. Beto, 441 F.2d 319 (5th Cir.), cert. denied 404 U.S. 966, 92 S.Ct. 342, 30 L.Ed.2d 286 (1971).

The judgment of the district court denying the writ of habeas corpus is

Affirmed.