338 So.2d 251 (1976)
James Charles WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-2024.
District Court of Appeal of Florida, Third District.
October 12, 1976.
Phillip A. Hubbart, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Brian H. Leslie, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant appeals his conviction for first degree murder and manslaughter following a jury trial.
Defendant first contends that the trial judge erred in denying his motions for mistrial on the grounds that the prosecution elicited improper and highly prejudicial references to him as being the perpetrator of the crimes, and that this testimony was hearsay. We cannot agree.
Merely because a statement would not be admissible for one purpose (i.e. its truth or falsity) does not mean it is not admissible for another (e.g. to show the declarant's state of mind). Hunt v. Seaboard Coast Line Railroad Company, 327 So.2d 193 (Fla. 1976). Further, the hearsay objection is unavailing when the inquiry is not as to the truth of the words spoken, but merely whether they were in fact spoken. General Tire of Miami Beach, Inc. v. N.L.R.B., 332 F.2d 58 (5th Cir.1964). The trial judge properly instructed the jury with respect to the statements to which defendant objected, and we find that the motions for mistrial were correctly denied.
Defendant secondly argues that the court committed reversible error in permitting the prosecution to elicit from the arresting officer testimony which indicated that he had exercised his right to remain silent in the face of interrogation.
*252 Our review of the officer's testimony did not reflect that the defendant had exercised his right to remain silent in face of police questioning and to assert that it was so construed by the jury would be pure speculation. Cf. Sullivan v. State, 303 So.2d 632, 635 (Fla. 1974).
Affirmed.