**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert L. FOX and William R. Just, Sr.,**
**Defendants-Appellants.**

**No. 79–5345**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 6, 1980.

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

Robert J. Buonauro, Orlando, Fla., for defendants-appellants.

Gilbert E. Andrews, Chief, App. Sect., M. Carr Ferguson, Asst. Atty. Gen., Robert E. Lindsay, Michael E. Greene, James A. Bruton, III, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Robert L. Fox and William R. Just, Sr., were directors of a Florida corporation. Just was also president of the corporation. They were charged with failing to make federal tax deposits of the payroll taxes of the corporation during the last quarter of 1977 (Count I) and the first quarter of 1978 (Count II), in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2. The Government also charged that they conspired to impede the collection of taxes (Count III), in violation of 18 U.S.C. § 371. At the close of the Government's case during trial, the district court granted Fox's motion for a judgment of acquittal as to Count II. The jury returned guilty verdicts as to each defendant on all other counts.

On appeal, appellants raise several objections to the proceedings below. They claim that the trial court improperly admitted certain coconspirator statements into evidence, that the convictions were not supported by sufficient evidence, and that appellants were deprived of their constitutional right to effective assistance of counsel because they were represented by the same lawyer. We have considered all of the points raised by Fox and Just and find no reversible error. Accordingly, we affirm.

■ The first argument raised by the appellants is that several out-of-court declarations made by one of the defendants were improperly introduced against the other defendant.[1] Appellants claim that the Government did not establish the proper foundation to rely on the coconspirator exception to the hearsay rule. See F.R. Evid. 801(d)(2)(E) ("statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is admissible);

1. Appellants object to the admission of the following statements:

1. A statement by Fox to an IRS agent, made in the presence of Just, that their taxes were current.
2. Statements by Fox to an IRS agent indicating his compliance with his tax obligations and discussion with the agent concerning letters signed by Just verifying that the payments were being made.
3. Discussion among Fox, Just and an IRS agent during which both appellants claimed that the taxes were being paid.
4. A later meeting among Fox, Just and the IRS agent in which both appellants stated that they were certain that at least two deposits had been taken to the bank.
5. A statement made by Fox to an accountant that the bank was holding up payment on the tax checks pending a loan.
6. A letter written by another accountant containing statements attributed to the appellants that a mistake had been made by the IRS in applying the tax deposits to the wrong account.
7. A statement made by Fox to an accountant that the taxes had been paid and that the IRS had made a mistake.
8. A letter signed by Just stating that there were no outstanding tax liabilities for the company.
9. A statement by a secretary that both appellants claimed that they could not afford to give raises because they owed money in taxes.

*United States v. James*, 590 F.2d 575, 580–83 (5th Cir. 1979) (en banc). Because none of these nine statements was introduced at trial under the coconspirator exception to hearsay, this claim is without merit.

An out-of-court statement is considered hearsay only if the witness (other than the declarant) is testifying to the statement in order to prove or demonstrate the truth of that statement. F.R. Evid. 801(c). The purpose of the introduction of each of the statements here challenged was to show that one or the other of the defendants had made certain statements. The prosecution's theory was to prove through independent admissible evidence that the statements were false. Indeed, appellants admit that these challenged statements were offered to prove their falsity rather than their truth. *See Anderson v. United States*, 417 U.S. 211, 219, 94 S.Ct. 2253, 2260, 41 L.Ed.2d 20 (1974); *United States v. Bernes*, 602 F.2d 716, 719 (5th Cir. 1979).

Furthermore, the trial judge in his jury instructions directed the jury to consider the statements only against the one making the statements. He similarly instructed the jury concerning certain statements during the trial. Thus, it is clear that the Government did not rely on the coconspirator exception to the hearsay rule to introduce these statements into evidence and that the statements were properly admitted.

■ In the last challenged group of statements, a secretary testified that both appellants claimed that they could not afford to give raises because they owed money in taxes. Appellants did object to the introduction of this testimony. However, the basis of the objection they voiced below, irrelevancy, is not the same ground they now urge upon us, that the Government did not establish the proper foundation to rely on the coconspirator exception to the hearsay rule. Inasmuch as they did not assert "the specific ground of objection," F.R. Evid. 103(a)(1), this claim of error has been waived. Furthermore, the admission of this testimony, even against a coconspirator under F.R.Evid. 801(d)(2)(E), could hardly be prejudicial because both appellants made the same statement.

■ Appellants also argue that, apart from these nine statements to which they object, the evidence against them is merely circumstantial. They suggest that a more stringent sufficiency of evidence test should be applied when the conviction is based on circumstantial, rather than direct, evidence. It is firmly established that the same standard of review is employed when reviewing a conviction whether it is based on direct or circumstantial evidence. *See United States v. Cowart*, 595 F.2d 1023, 1034–35 n.16 (5th Cir. 1979). The question is whether the evidence and all reasonable inferences favorable to the Government's position, *see Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), are such that the trier of fact could reasonably infer that appellant was guilty beyond a reasonable doubt. *See United States v. Cowart, supra,* at 1034. By appellants' own admission, the circumstantial evidence showed:

that 941 tax returns were in fact filed, that there were no outstanding checks on the bank statements of Southeast Interiors, Inc. payable to the Internal Revenue Service, that the Appellants secretary made weekly tax computations, that she in fact wrote these checks for deposits and presented these checks to the Appellant Just, that various employees from the bank in which the Appellants made their tax deposits, testified that the bank records did not indicate any tax deposits made by the Appellants which were not properly credited, and that there were in fact, no cancelled checks payable to the Internal Revenue Service to correspond with the deposits noted on the Employee Tax 941 Forms in question.

That the payroll tax deposits had not been made is clearly supported by sufficient evidence. Furthermore, appellants' argument that no evidence of the conspiracy exists is also frivolous.

Appellants' final contention is that they were denied effective assistance of counsel under the Fifth and Sixth Amendments as a result of joint representation by their

counsel. We find that this contention is without merit.

Two weeks before trial, the prosecution moved for a determination of possible conflict of interest. After a hearing, the district court found that no actual conflict of interest was apparent, but that both defendants were aware of a possible conflict in their defenses. Both appellants, when confronted with the potential conflicts, stated that they wanted to continue to be represented by the same counsel.

■ Fox and Just now allege that joint representation prevented them from presenting an adequate defense. They claim that they could not testify without one defendant inculpating his codefendant. They also allege that their counsel was prevented from objecting to many hearsay statements because of the joint representation. However, an actual, not merely hypothetical or speculative, conflict must be demonstrated before it can be said that an accused has been deprived of effective assistance of counsel. *See United States v. Alvarez*, 580 F.2d 1251, 1255 (5th Cir. 1978). Appellants point to no specific instances in the record to suggest an actual conflict or impairment of their defenses. We find no indication that the interests of one codefendant were likely sacrificed to promote the interests of the other. *See United States v. Medel*, 592 F.2d 1305 (5th Cir. 1979).

■ Furthermore, both defendants made a knowing waiver to any objection to their joint representation at trial. This waiver is sufficient even if an actual conflict were present. *See United States v. Alvarez, supra*, at 1255.

AFFIRMED.