**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ralph Evergisto YANES,**
**Defendant–Appellant.**

**No. 79–5701**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

June 24, 1980.

\* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Raymond J. Takiff, Coconut Grove, Fla., for defendant–appellant.

Jeffrey H. Kay, Linda Collins Hertz, Asst. U. S. Attys., Miami, Fla., for plaintiff–appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Defendant Ralph Yanes challenges only the sufficiency of the evidence on which he was convicted of falsifying his declaration on a U.S. Customs form, 18 U.S.C.A. § 1001, and transporting more than $132,000 in U.S. currency into the United States without filing the required form, 31 U.S.C.A. §§ 1101, 1058. We affirm.

In reviewing sufficiency of the evidence, this Court must examine the evidence in the light most favorable to the Government, making reasonable inferences and credibility choices in favor of the verdict of the trier of fact. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Aguiar*, 610 F.2d 1296, 1303 (5th Cir. 1980). Where, as here, the defendant was tried by the court rather than a jury, the verdict must stand if the trial judge is justified in finding the evidence inconsistent with any rea-

sonable hypothesis of the defendant's innocence. *Gordon v. United States*, 438 F.2d 858, 868 n.30 (5th Cir.), *cert. denied*, 404 U.S. 828, 92 S.Ct. 63, 30 L.Ed.2d 56 (1971). The test is the same whether the evidence is direct or circumstantial. *United States v. Fox*, 613 F.2d 99, 101 (5th Cir. 1980).

Having been discovered in possession of the money shortly after his arrival in the United States, Yanes contends only that the evidence failed to show he transported it in. We have carefully reviewed each scenario of innocence suggested by defendant, and conclude that none is reasonable in light of the evidence. The district court considered and correctly rejected each such hypothesis of innocence, reasonably inferring that the only way the money came to be in the United States was either from Yanes' transportation of it, or his direction of another's transportation of it, in the airplane which arrived from outside the United States.

AFFIRMED.