**Roberto DeBENEDICTIS and Vincent Carola, Petitioners,**

v.

**Louis L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent.**

No. 81–6026–CIV–EPS.

United States District Court,
S. D. Florida.

June 16, 1981.

Jerome M. Rosenblum, Hollywood, Fla., for petitioners.

Max Rudmann, West Palm Beach, Fla., for respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

Roberto DeBenedictis and Vincent Carola, through counsel, have filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254, attacking a one year jail sentence imposed by the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.[1] Such sentence was imposed following a jury verdict of guilty to four counts of grand larceny by fraudulent representations and four counts of criminal attempt.

Petitioners were released on appeal bond by the state trial court during the pendency of the appellate proceedings through the state court system and remain on bond during the consideration of this petition.

As grounds for relief, Petitioners urge two points:

I. The State of Florida violated their sixth amendment right of confrontation and their fourteenth amendment right to due process by the massive use of unreliable hearsay to establish a critical element needed to prove the petitioners' guilt.

II. The information filed did not sufficiently inform the petitioners of the charges against them with sufficient particularity to enable them to prepare an adequate defense as guaranteed by the sixth and fourteenth amendments.

The Petitioners appealed their convictions to the Florida District Court of Appeal, Fourth District, which affirmed per curiam.[2] A petition for rehearing was denied. Petitions for certiorari were denied both by the Florida Supreme Court[3] and the United States Supreme Court.[4]

The Respondent maintains that this action must be dismissed for failure to exhaust state remedies as to Point II of the Petition, failure of the information to apprise the Petitioners of the nature of the charges against them. Respondent contends that the Petitioners' argument to the State appellate court on that point only referred to the Florida Constitution, Florida Rule of Criminal Procedure and Florida case law and failed to discuss the federal constitutional issues raised herein. The Petitioners contend that the pertinent state and federal constitutional provisions are so similar, a remand to the state courts for exhaustion would be futile. In their brief to the Fourth District Court of Appeals of Florida, the Petitioners cite two provisions of the 1968 Florida Constitution: Article I., Section IX and Article I., Section XVI which read as follows:

> Article I., Section IX—DUE PROCESS. No person shall be deprived of life, liberty or property without due process of law, or be twice put in jeopardy for the same offense.
>
> Article I., Section XVI—RIGHTS OF ACCUSED. In all criminal prosecutions, the accused shall, upon demand, be informed

---

1. The total sentence imposed on each defendant was one year in the Broward County Jail for two of the felony counts, to be served concurrently; sixty (60) days in the Broward County Jail on each of the four misdemeanor counts, to be served concurrently and concurrent with the sentence imposed on the felony counts; and on the remaining two felony counts, the Petitioners were placed on five (5) years probation to be served consecutively with the one-year jail sentence and concurrently with each other.

2. *DeBendictis v. State*, 370 So.2d 37 (Fla. 4th DCA 1979).

3. *DeBenedictis v. State*, 381 So.2d 765 (Fla. 1980).

4. *DeBenedictis v. Florida*, 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980).

of the nature and cause of the accusation against him, and be furnished a copy of the charges . . .

It cannot be gainsaid that these provisions are the substantial equivalent of the pertinent provisions of the Sixth and Fourteenth Amendments of the United States Constitution upon which the Petitioners herein rely. The exhaustion doctrine requires that a petitioner for federal habeas relief must have first presented his claim to the state court system and the state court system must have been apprised of the facts and the legal theory upon which the petitioner bases his assertion. *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978). The United States Supreme Court has stated that requiring exhaustion does not imply that a petitioner's claim can only be exhausted by citing "book and verse on the federal constitution" but that "the substance of a federal habeas corpus claim must first be presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 29 L.Ed.2d 110 (1971). *Lamberti v. Wainwright*, 513 F.2d 277 (5th Cir. 1975). The record indicates that the Petitioners have presented the substantial equivalent of their federal habeas claim in both the trial court and on direct appeal. Therefore, the claim has been exhausted. It is clear, however, that satisfaction of the exhaustion requirement does not necessarily imply the Petitioners have stated a federal constitutional claim cognizable for habeas relief.

 The Circuit has consistently held that the sufficiency of a state indictment or information is not a matter for federal habeas corpus relief unless it can be shown that the indictment or information is so defective that the convicting court had no jurisdiction. *Murphy v. Beto*, 416 F.2d 98 (5th Cir. 1969); *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980). In this case, the suffi-

ciency of the information was squarely presented to the state courts and was apparently determined to be sufficient under state law. The Petitioners contend, however, that because the felony counts did not specifically allege what the false representations were that they were required to defend against, the State was granted extreme latitude in the way the case was presented, and the Petitioners were denied their federal constitutional rights of due process and to be apprised of the nature and cause of the accusation against them. The Petitioners' contention that none but the clairvoyant would have known before the trial the prosecution's theory of the case is groundless and does not state a claim cognizable for federal habeas corpus relief.[5]

Petitioners also contend as grounds for relief that the State of Florida violated their sixth amendment right of confrontation and their fourteenth amendment right to due process by the massive use of unreliable hearsay to establish a critical element needed to prove Petitioners' guilt. Petitioners were charged, along with three others, in a ten (10) count Information filed on October 19, 1977, with six (6) felony counts of grand larceny by fraudulent misrepresentation and four (4) counts of criminal attempt. The State alleged that Petitioners, as corporate officers of a publishing company, ran a fraudulent telephone solicitation operation whereby donations were sought for various police organizations and publications. The elements of the crime charged in the first six counts of the information are (1) false representation of a past or existing fact, (2) knowledge of its falsity, (3) intent to defraud, (4) reliance on the misstatement by the other party, (5) surrender by the other party of property because of the representation. *Green v. State*, 190

---

5. The record indicates that Petitioners request a Bill of Particulars and that the trial court conducted a hearing on their Motion. As a result, the State furnished the Petitioners with the statements given to the police by each of the alleged victims who were witnesses at trial. The witnesses' statements gave sufficient notice as to the nature of the false representations with which the Petitioners were charged. The

information contained the elements of the offense intended to be charged, sufficiently apprised the Petitioners of what they had to be prepared to meet, and enables them to plead an acquittal or conviction in bar to future prosecutions based on the same facts. *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

So.2d 614 (Fla. 3d DCA 1969); *Koltay v. State*, 360 So.2d 802 (Fla. 2d DCA 1978).

■ Petitioners recognize that questions involving the admission of evidence are not subject to review by federal habeas corpus unless there is an error of such magnitude as to deny fundamental fairness to the criminal trial. *Heads v. Beto*, 468 F.2d 240, 241 (5th Cir. 1972), *cert. den.* 410 U.S. 969, 93 S.Ct. 1454, 35 L.Ed.2d 704 (1973). However, Petitioners contend that constitutionally inadmissible out-of-court declarations were improperly admitted by the State court and operated so as to deny fundamental fairness to their criminal trial. The Petitioners urge that the trial court allowed at least two groups of testimony which were constitutionally impermissible: (1) statements made by telephone solicitors and related by the alleged victims of the fraudulent telephone solicitation and (2) testimony of a Fort Lauderdale Detective as to a conversation between one of the Petitioners' employees and a police informant which the Detective overheard on a radio transmitter while sitting outside the Petitioners' premises.

As is explained below, the Petitioners were not denied their rights under the sixth or fourteenth amendments and are not entitled to relief from the state court sentence.

*Hearsay and Confrontation*

■ The State contended at trial, as does the Respondent herein, that the statements to which the witnesses testified were not hearsay and were properly admitted as the statements were introduced to show the fact that they were uttered and not for the truth of the matters asserted therein. "An out-of-court statement is considered hearsay only if the witness (other than the declarant) is testifying to the statement in order to prove or demonstrate the truth of the statement." *United States v. Fox*, 613 F.2d 99 (5th Cir. 1980). The Fifth Circuit's discussion of such statements in *United States v. Fox, supra,* is applicable to the challenged statements herein:

> The purpose of the introduction of each of the statements here challenged was to show that one or the other of the Defend-ants had made certain statements. The prosecution's theory was to prove through independent admissible evidence that the statements were false. Indeed appellants admit that these challenged statements were offered to prove their falsity rather than their truth.

*Id.* at 101.

■ In the instant case, the statements were offered to show that one or another of Petitioners' employees or agents had made certain statements to the witnesses and that the witnesses had relied on the misstatement by the other party and had surrendered their property because of the representation.

The Petitioners state that even if the statements were not hearsay, they were inadmissible as none of the witnesses was able to testify as to the true identity of the callers or as to where the calls came from. Therefore, they urge that since the identity of the telephone solicitors was unknown, the Petitioners were denied their constitutional right to confront and cross-examine adverse witnesses. The Petitioners contend that as a prerequisite to admissibility of the telephone conversation each witness would have had to identify the voice or person who called and made the statements.

■ The "identity of the person with whom the conversation is alleged to have been had may be established by circumstantial evidence." *Grogan v. United States*, 394 F.2d 287, 291 (5th Cir. 1967), *cert. den.* 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100 (1968). As the Petitioners were charged as principals, the State had the burden of establishing that the unknown telephone solicitors were employed by or were agents of the Petitioners. The testimony indicates that each witness identified the check he wrote in response to the telephone solicitation, that the money collected was turned over to the Petitioners (T. 241, 355, 384) and went into accounts they opened (T. 582), on which they were the only signators (T. 166–169, 188). The necessary link between the unknown solicitors and the Petitioners was, therefore, established.

■ The Petitioners' argument that they were denied their right of confrontation has no merit. At least one witness testified as to each count of the information. The Petitioners' counsel cross-examined each witness. The Petitioners argue that they were denied their sixth amendment rights because they could not cross-examine the solicitors who made the false statements to which the witnesses were testifying. The Confrontation Clause must be considered any time an extra-judicial declaration is admitted as proof of the matter asserted and the declarant is unavailable for cross-examination. The Clause requires the Court to examine whether the jury has been deprived of a satisfactory basis for evaluating the truth of the extrajudicial declaration. *United States v. Menichino*, 497 F.2d 935 (5th Cir. 1974). As stated by the Supreme Court,

> The primary object of the [Confrontation Clause] was to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief. *Mattox v. United States*, 156 U.S. 237, 242–243, 15 S.Ct. 337, 339, 39 L.Ed. 409 (1895).

*California v. Green*, 399 U.S. 149, 157, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970). However, neither a hearsay nor a confrontation question arises when testimony is used to prove merely that the statement had been made. As stated by the Supreme Court

> The hearsay rule does not prevent a witness from testifying as to what he had heard; it is rather a restriction on the proof of fact through extrajudicial statements. From the viewpoint of the Confrontation Clause, a witness under oath, subject to cross-examination, and whose demeanor can be observed by the trier of fact, is a reliable informant not only as to what he has seen but also as to what he has heard.

*Dutton v. Evans*, 400 U.S. 74, 88, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970).

The witnesses against the Petitioners were (1) in court testifying under oath, (2) subject to cross examination, and (3) subject to the jury's observation of demeanor and assessment of credibility.

Presumably, the Petitioners' argument is that the people who made the calls to which the witnesses testified were the true witnesses against them; and since they could not cross-examine them, they could not illicit testimony which would indicate that the Petitioners did not tell the solicitors to make the false statements and/or that the Petitioners were not present when the statements were made. The Confrontation Clause does not impose such a requirement on the State.

■ The jury instructions included the following (Tr. 828):

> A person may commit a crime by his own personal act or through the act or acts of another person. Any person who knowingly aids, abets, counsels, hires or otherwise procures the commission of a crime is equally guilty with the one who actually performs the criminal act whether he is or is not present at the commission of the offense. However, for one person to be guilty of a crime physically committed by another, it is necessary that he have a conscious intent that the criminal act shall be done and that, pursuant to that intent, he do some act or say some word which was intended to and which did incite, cause, encourage, assist or induce another person to actually commit the crime.

Although the Petitioners state otherwise, their arguments translate into one challenging the sufficiency of the evidence for the jury to find the Petitioners knew of, encouraged, or assisted the solicitors to make the false representations in this case. In federal habeas corpus cases challenging the

sufficiency of the evidence adduced at a state court trial, the test which must be applied is

> whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original); *Reese v. Wainwright*, 600 F.2d 1085 (5th Cir. 1979) *cert. denied* 444 U.S. 983, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979). Careful review of the record indicates that a rational jury could have found Petitioners, as principals, guilty beyond a reasonable doubt.

The Petitioners also challenge the testimony of Detective Trollinger as to a conversation he overheard on a radio transmitter. Again, the State contended that the testimony was only offered to prove the statements were uttered and not as proof of the matters asserted. The Detective's testimony only served as corroboration of the testimony given by the informant Mr. Burchfield. Any alleged error in permitting the challenged testimony was not an error of such magnitude as to deny fundamental fairness to the criminal trial.

It should be noted that the Court offered to give a limiting instruction to the jury that the challenged statements were not introduced to prove the truth of anything that was said but only to show the effect of what was said. Petitioners' counsel rejected the offer and requested a jury instruction that the testimony was hearsay and that the defendants cannot defend themselves against hearsay testimony. (T. 512–516). Clearly the Petitioners were not entitled to such an instruction.

The Petitioners were not denied their constitutional right to a fair trial.

ORDERED AND ADJUDGED that this Petition for Writ of Habeas Corpus is Denied.