Roberto DeBENEDICTIS and Vincent Carola, Petitioners-Appellants,

v.

Louie L. WAINWRIGHT and the Attorney General of the State of Florida, Respondents-Appellees.

No. 81–5677.

United States Court of Appeals, Eleventh Circuit.

April 26, 1982.

Jerome M. Rosenblum, Hollywood, Fla., for petitioners-appellants.

Max Rudmann, Asst. Atty. Gen., West Palm Beach, Fla., for respondents-appellees.

Before TUTTLE, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

Roberto DeBenedictis and Vincent Carola appeal the denial of their petitions for writs of habeas corpus. Petitioners were convicted in Broward County, Florida, January 24, 1978, on four felony counts of grand larceny by fraudulent misrepresentation and four misdemeanor counts of criminal attempt. The Fourth District Court of Appeals, 370 So.2d 37, affirmed their convictions and the Florida and United States Supreme Courts denied certiorari, 381 So.2d 765; 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54. DeBenedictis and Carola then petitioned the United States District Court for the Southern District of Florida for writs of habeas corpus, 28 U.S.C.A. § 2254, which were denied. We affirm the judgment of the district court. 517 F.Supp. 1033 (S.D.Fla.1981).

Petitioners were convicted for participating as principals in a telephone soliciting operation in which petitioners' agents asked for money to sponsor advertisements in the *Police Chronicle*; the advertisements and/or contributions were supposed to benefit the families of deceased policemen. Neither the magazine nor any police-related organization authorized petitioners or their agents to make representations or ask for contributions. Petitioners deposited in their personal accounts the money contributed in response to the unauthorized solicitations.

Petitioners assert two grounds for habeas relief. First, they argue that the Information by which they were charged and prosecuted was fatally defective because, in violation of the Sixth and Fourteenth Amendments, it did not provide them with adequate notice of the alleged acts, offenses, and theory of the state's case. Second, they argue that the trial court improperly admitted hearsay testimony which supported the very gravamen of the state's case.

The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction. *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980); *Meyer*

*v. Estelle*, 621 F.2d 769, 771 (5th Cir. 1980). Examination of the Information upon which petitioners were charged and prosecuted reveals that it adequately incorporates the elements of grand larceny by fraudulent misrepresentation in the language of each count. The Information states the names of the complaining victims, the amounts taken or attempted, and the dates of the fraudulent representations. *See Koltay v. State*, 360 So.2d 802, 803 (Fla.Dist.Ct.App.1978); *Green v. State*, 190 So.2d 614, 616 (Fla.Dist.Ct.App.1966). In response to a motion for a bill of particulars the state furnished the petitioners with specific information concerning the nature of the alleged fraudulent transactions. We therefore reject the petitioners' assertion that the Information was fatally defective.

The petitioners next argue that the introduction of hearsay to establish the essential elements of the state's case denied them their right of confrontation (Sixth Amendment) and made their trial fundamentally unfair (Fourth Amendment). Misapplication of state evidentiary rules does not justify habeas relief unless the error is of such magnitude as to render the trial fundamentally unfair and thus violative of due process. *Panzavecchia v. Wainwright*, 658 F.2d 337, 340 (5th Cir. 1981). While error in the application of hearsay rules may in some instances present a significant risk of violating the confrontation clause of the Sixth Amendment, the Supreme Court has refused to equate the two. *California v. Green*, 399 U.S. 149, 155, 90 S.Ct. 1930, 1933, 26 L.Ed.2d 489 (1970); *Dutton v. Evans*, 400 U.S. 74, 86, 94, 91 S.Ct. 210, 218, 222, 27 L.Ed.2d 213 (opinion of Stewart, J.; Harlan, J., concurring); *see United States v. Menichino*, 497 F.2d 935, 943 (5th Cir. 1974). The challenged evidence in this case consists of the testimony of eleven victims who related the substance of the telephone calls they received. In addition, a police detective testified as to a conversation he overheard through an informant's "body bug."

We conclude that the trial court's admission of this evidence did not abridge the petitioners' rights of due process and confrontation. First, the trial court did not admit the testimony to prove the truth or falsity of the matters asserted, but rather to allow the state to show that the statements were in fact made. *Williams v. State*, 338 So.2d 251 (Fla.Dist.Ct.App.1976). The state demonstrated the falsity of the representations by independent evidence. The evidence, therefore, was not hearsay and does not raise a confrontation or fundamental fairness issue. *See United States v. Fox*, 613 F.2d 99, 101 (5th Cir. 1980). Second, the state presented independent evidence to link the petitioners to the case. The state did not establish their complicity through hearsay. Third, the petitioners refused a limiting instruction offered by the court which was designed to prevent improper consideration of the evidence by the jury. *See Heads v. Beto*, 468 F.2d 240, 241 (5th Cir. 1972), *cert. denied*, 410 U.S. 969, 93 S.Ct. 1454, 35 L.Ed.2d 704 (1973). Instead, the petitioners insisted on an instruction that would have had the effect of completely preventing the jury from considering the evidence for any aspect of petitioners' guilt. We reject the petitioners' argument that the evidence was not properly admitted for the limited basis for which it was offered.

The judgment of the district court is AFFIRMED.