Bobby COX, Plaintiff-Appellant,

v.

Charles MONTGOMERY, Warden, Georgia State Prison, Defendant-Appellee.

No. 83–8243

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 3, 1983.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

GODBOLD, Chief Judge:

Cox was convicted of murder in Georgia state court and given a life sentence. The Supreme Court of Georgia affirmed his conviction. Cox filed for habeas corpus in the district court, which adopted the magistrate's report and recommendation and denied the writ. Cox appeals. We affirm.

The district court did not err in accepting the state trial court's determination that Cox's confession was voluntary. Prior to trial the state court, following *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), held a hearing to determine the voluntariness of a written confession that Cox had signed. The state and Cox introduced conflicting testimony regarding the circumstances surrounding the confession. The trial court did not make specific findings of fact but apparently believed the state's witnesses over Cox's as it admitted the statement into evidence.

■ In reviewing voluntariness this court will only reverse a finding of fact if it is clearly erroneous. *Jurek v. Estelle,* 623 F.2d 929, 930 (5th Cir.1980) (en banc), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). At the same time we must undertake an independent examination of the entire record. *Id.* Upon such an examination, we find that the trial court's determination that the confession was voluntary was not clearly erroneous.

■ The trial court did not err in denying Cox funds to hire a sociological expert. Cox desired to challenge the array of the grand jury on the basis of systematic exclusion of adults aged 18 to 30. To make such a challenge Cox must show "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which jurys [sic] are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979). Cox sought to employ a sociologist to prove that the young are an identifiable group. The young are not a distinctive group for purposes of jury venire. *See Hamling v. U.S.,* 418 U.S. 87, 137–38, 94 S.Ct. 2887, 2917–18, 41 L.Ed.2d 590 (1974); *U.S. v. Kuhn,* 441 F.2d 179, 181 (5th Cir.1971). Since the matter on which the expert was to testify was not an issue, the court's refusal to grant funds does not raise a constitutional claim. *See Pedredo v. Wainwright,* 590 F.2d 1383, 1390–91 (5th Cir.), *cert. denied,* 444 U.S. 943, 100 S.Ct. 299, 62 L.Ed.2d 310 (1979).

■ On voir dire defense counsel asked a venireperson whether the fact that her son-in-law was a security guard would have "any bearing on your decision or cause any bias in this case at all?" She stated "huh-uh." Defense counsel, taking this response to be a negative, then sought to ask "[w]ould you have any tendency whatsoever to believe the testimony of police officers or security guards over the testimony of any other witnesses?" The trial court sustained the prosecutor's objection to the second question. The conduct of voir dire is within the discretion of the trial judge and is only error if there is an abuse of this discretion. *Ristaino v. Ross,* 424 U.S. 589, 594–95, 96 S.Ct. 1017, 1020–21, 47 L.Ed.2d 258 (1976). The first question adequately addressed the potential juror's possible bias. There was no abuse of discretion in denying Cox's counsel the right to ask the follow-up question.

■ The court did not improperly limit defense's closing argument. The defense had shown slides recreating the scene of the crime for purposes of cross-examination only. They were not introduced into evidence. Before closing argument the trial court specifically instructed the defense not to refer to the slides. Counsel stated that this was acceptable. In his final argument defense counsel stated: "you saw Mr. Smith cross-examined . . . relating to the scene . . . and admit under oath . . . that he couldn't identify a person based on the reconstruction of that scene." The prosecution objected, and the court sustained the objection on the basis that the statement made reference to slides. This is essentially an evidentiary ruling. Federal habeas courts do not generally sit to correct erroneous evidentiary rulings by state courts unless the error produces fundamental unfairness. *DeBenedictis v. Wainwright,* 674 F.2d 841, 843 (11th Cir.1982). Even if the court's ruling was erroneous, it did not result in fundamental unfairness, as it was a narrow ruling limited to matters not in evidence.

AFFIRMED.