IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40093
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNULFO QUINTANILLA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-799-ALL
--------------------
November 7, 2001

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:*

Arnulfo Quintanilla appeals from a judgment of conviction for possession of cocaine base.  21 U.S.C. § 844(a).  Quintanilla argues the trial court erred in admitting evidence of uncharged possession of marijuana and cocaine hydrocloride (rock cocaine) found contemporaneously with the charged cocaine base possession.

We review evidentiary rulings involving Rule 404(b) under an abuse of discretion standard.  United States v. Navarro, 169 F.3d 228, 232 (5th Cir. 1999).  When no objection is asserted during trial, we review evidentiary rulings under a plain error

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standard.  Id.  At trial, Quintanilla asserted objections to the uncharged drug possession on the grounds of relevance, narration, and leading.  Accordingly, his complaint on appeal that the uncharged evidence violated prior bad acts evidence under Rule 404(b) is reviewed for plain error.  Fed. R. Evid. 103(a)(1); see Jackson v. Johnson, 194 F.3d 641, 651 (5th Cir. 1999)(recognizing the general rule that any impropriety in the State's argument is waived by a defendant's failure to assert a timely and proper objection);  United States v. Fox, 613 F.2d 99, 101 (5th Cir. 1980)(waiving a claim of error based on exception to hearsay rule where specific objection asserted related to relevancy).

Even assuming arguendo that Quintanilla asserted the proper objection, the record establishes that the uncharged possessions constituted intrinsic evidence.  See United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996).  Thus, Federal Rule of Evidence 404(b) does not prohibit the admissibility of the uncharged possessions.  Coleman, 78 F.3d at 156.  Accordingly, the judgment of the trial court is AFFIRMED.