# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00170-CR

**Robert Tafoya, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 65999, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State charged appellant Robert Tafoya with indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11 (West 2011). Tafoya pleaded guilty to the offense, and the trial court imposed a sentence of fifteen years' confinement. Tafoya subsequently filed a motion for new trial, claiming that his trial counsel provided ineffective assistance due to a conflict of interest. The trial court denied the motion, and Tafoya now appeals. We affirm the judgment of the trial court.

## BACKGROUND

In 2009, Robert Tafoya lived with his wife, De Lone Tafoya, and their fourteen-year-old granddaughter, E. T.-H., in Killeen, Bell County, Texas.[1] De Lone was the legal guardian of

---

[1] The facts recited herein are taken from the evidence and testimony presented at Tafoya's punishment hearing, at the hearing on his motion for new trial, and in the affidavit in support of the warrant for his arrest.

E. T.-H.[2]  In November 2009, Child Protective Services (CPS) removed E. T.-H. from the Tafoyas'

home on suspicion of abuse.  In January 2010, an officer with the Killeen Police Department

completed an affidavit for Tafoya's arrest describing the allegations against him.  According to the

affidavit, E. T.-H. had reported that her grandfather touched her breasts on many occasions and

would rub her genitals and his own genitals when they were in the car, the latest instance of which

was a few weeks prior.  The affidavit also stated that when a CPS worker met with Tafoya, he

admitted that he had touched E. T.-H. inappropriately while in his truck driving her home from

school.  Tafoya was arrested in February 2010 and retained the services of Susan Thompson, an

attorney with the Carlson Law Firm in Killeen.  After one day in the Bell County Jail, Tafoya was

released on bond.

Subsequently, in April 2010, another attorney from the Carlson Law Firm began

representing De Lone in matters concerning her guardianship of E. T.-H.  On De Lone's behalf,

Linda Kaplan submitted to the Bell County Court an annual report on the status of E. T.-H. and

a request to resign as her guardian.  Kaplan listed two reasons why De Lone's powers should be

terminated:  first, De Lone had been diagnosed with advanced Alzheimer's disease and was no

longer capable of acting as guardian, and second, E. T.-H. had been removed from the home by CPS.

Tafoya appeared before the district court in December 2010.  After being thoroughly

questioned and admonished by the court, he entered a plea of guilty without the benefit of a plea

bargain. He also signed a judicial confession that on November 1, 2009, he "did then and there, with

---

[2] Because the appellant and his wife, De Lone Tafoya, have the same last name, we will refer
to the wife by her first name in order to avoid confusion.

the intent to arouse or gratify the sexual desire of said defendant, intentionally and knowingly engage in sexual contact with [E. T.-H.] by touching the genitals of [E. T.-H.], a child younger than 17 years and not the spouse of the defendant." After a hearing, the trial court pronounced Tafoya guilty and sentenced him to fifteen years' imprisonment.

Tafoya then retained new counsel and filed a motion for new trial alleging that he had not received effective assistance of counsel in accordance with his Sixth Amendment right. Tafoya argued that because attorneys from the same firm represented him in his criminal matter and De Lone in her guardianship matter concerning the complaining witness, his trial counsel's performance was adversely affected by an actual conflict of interest. After a hearing, the trial court issued an order denying the motion, which Tafoya now appeals.

## STANDARD OF REVIEW

We review a trial court's denial of a motion for new trial for abuse of discretion. *See State v. Herndon*, 215 S.W.3d 901, 906–907 (Tex. Crim. App. 2007). We do not substitute our judgment for that of the trial court, but rather decide whether its decision was arbitrary or unreasonable. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). We must view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were so made. *Id.* Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support that ruling. *Id.* In addition, we view the legal standards relevant to the trial court's denial of the motion—in this case the question of ineffective assistance of counsel due to a conflict of interest—through the prism of the abuse of discretion standard. *Branch v. State*, 335 S.W.3d 893,

3

904 (Tex. App.—Austin 2011, pet. ref'd); *see also State v. Kelley*, 20 S.W.3d 147, 151 (Tex. App.—Texarkana 2000, no pet.).

Ordinarily, to prevail on a claim of ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that counsel's performance (1) was so deficient that it fell below an objective standard of reasonableness and (2) prejudiced the defense, meaning there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). However, when an appellant claims that ineffective assistance resulted from a conflict of interest, we do not apply the *Strickland* test. *Acosta v. State*, 233 S.W.3d 349, 356 (Tex. Crim. App. 2007). We instead require the appellant to show that (1) counsel had an actual, not merely potential, conflict of interest and (2) that conflict adversely affected counsel's performance at trial. *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (1980).

**DISCUSSION**

In his sole issue on appeal, Tafoya claims that the trial court erred in denying his motion for new trial because a conflict of interest on the part of his trial counsel resulted in ineffective assistance. Tafoya argues that his representation at trial and his wife's representation as guardian of E. T.-H. by attorneys from the same firm constituted an actual conflict of interest that adversely affected his counsel's performance. We first determine whether Tafoya demonstrated to the trial court that an actual conflict existed in his case.

An actual conflict exists when "counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests . . . to the detriment of

4

his client's interest." *Acosta*, 233 S.W.3d at 355. A showing of a potential conflict of interest is not sufficient to constitute an actual conflict of interest. *Cuyler*, 446 U.S. at 350; *Ex Parte McFarland*, 163 S.W.3d 743, 759 n.52 (Tex. Crim. App. 2005). "The petitioner must specifically identify instances in the record that reflect that his counsel made a choice between possible alternative courses of action such as eliciting (or failing to elicit) evidence helpful to one client but harmful to another." *Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996) (quoting *United States v. Fox*, 613 F.2d 99, 102 (5th Cir. 1980)); *Gaston v. State*, 136 S.W.3d 315, 318 (Tex. App.—Houston [1st Dist.] 2004, pet. struck).

In support of his argument that trial counsel labored under an actual conflict, Tafoya states that "the well being and safety of the complaining witness is the very essence of the representation" provided to her guardian, De Lone, by the Carlson Law firm. "The logical conclusion," Tafoya urges, "is that the duty of the Carlson Law Firm was to assist in the protection of [E. T.-H.] and thus the prosecution of the Appellant." However, Tafoya provides no support for the proposition that the firm's professional duty to De Lone necessarily included a duty to serve the interests of her ward. Nor does he explain how De Lone's interest in the outcome of the criminal matter was different than his own. Further, even if these connections were established, the dual representation would at most present a potential conflict between De Lone's guardianship matters and Tafoya's criminal case. *See Cuyler*, 446 U.S. at 350.

Even if we assume a potential conflict existed, Tafoya failed to demonstrate that there was any actual conflict of interest. Tafoya has identified no instance in the record when his trial counsel, Susan Thompson, faced a choice between courses of action that would benefit

5

either De Lone or Tafoya. At the hearing on his motion for new trial, Tafoya did not call either Thompson or Kaplan to the stand to address their representation of the Tafoyas or to explain any options considered in Tafoya's case. As evidence, he offered copies of paperwork filed in relation to De Lone's guardianship of E. T.-H. These documents explained nothing about the courses of action available to Thompson in representing Tafoya or how her firm's representation of De Lone affected those options. *See Perillo*, 79 F.3d at 447. On this basis, it would have been reasonable for the trial court to conclude that Tafoya established no actual conflict on the part of his trial attorney. *See Cuyler*, 446 U.S. at 348.

In addition to showing an actual conflict, an appellant claiming a conflict of interest must establish that the conflict adversely affected his counsel's performance. *Id.* This requires a showing "that some plausible defense strategy or tactic might have been pursued but was not, because of the conflict of interest." *Perillo*, 79 F.3d at 449. In the present case, even if the trial court found that an actual conflict existed, it could reasonably have found that Tafoya failed to meet this second requirement. On multiple occasions, Tafoya confessed to indecent contact with his granddaughter: he did so when interviewed by CPS, and he did so again, after thorough admonishment, before the trial court. He was sentenced after a hearing that included testimony from a neighbor who praised Tafoya at length and refused to accept that he might be capable of the sort of abuse E. T.-H. reported. Tafoya does not contend that these events were the result of some strategy or tactic foregone by Tafoya's counsel for the benefit of De Lone.[3] Tafoya presented no

---

[3] Indeed, Tafoya has presented no evidence that Kaplan was still serving as De Lone's legal representative by the time his criminal case proceeded to trial.

6

testimony or other evidence to the trial court indicating what counsel would have done differently but for her alleged conflict of interest. Thus, the trial court could also have reasonably concluded that Tafoya failed to establish that any conflict had an adverse effect on his trial counsel.

Viewing the record in the light most favorable to the judgment, we hold that the trial court could reasonably have found that Tafoya failed to establish the existence of either a conflict of interest or an adverse effect on counsel's performance in his case. Accordingly, we cannot conclude that the court abused its discretion in denying his motion for new trial. We overrule his sole issue on appeal.

## CONCLUSION

Because we conclude that the trial court did not err in denying Tafoya's motion for new trial, we affirm the judgment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed: February 29, 2012

Do Not Publish

7