**STATE of Missouri, Respondent,**

v.

**Stanfield BLOCTON, Appellant.**

No. 50901.

Supreme Court of Missouri,

Division No. 1.

Oct. 11, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, James M. Byrne, Asst. Atty. Gen., St. Louis, for respondent.

Dewey Godfrey, Jr., Bruce Nangle, St. Louis, for appellant.

WELBORN, Commissioner.

Stanfield Blocton was charged by information in the St. Louis Circuit Court with assault with intent to kill with malice. § 559.180, RSMo 1959, V.A.M.S. Upon his trial he was found guilty as charged and his punishment assessed at five years' imprisonment. After his motion for new trial had been overruled, this appeal was taken.

At approximately 4:30 p. m. on December 12, 1960, Officer Palazzolo of the St. Louis Metropolitan Police Department was driving south on Sarah Street toward Washington Boulevard. He was stopped near the intersection of Sarah and Washington by a citizen who told him of "an incident that was taking place in the grocery store at the northeast corner of Sarah and Washington." The officer got out of the police car in which he was riding, walked to the grocery store and observed two men in the store. He then returned to his police car, radioed for assistance and started back in the direction of the store. At that time the two men emerged from the store. Each was carrying a revolver. Several shots were fired by both of the men at the officer from a distance of forty to fifty feet. The officer, together with other officers who had arrived on the scene in response to Officer Palazzolo's call for assistance, pursued the fleeing individuals, who, as they fled, continued to fire in the direction of

the officers. Otto Woods, one of the fleeing men, was apprehended a short distance away, but the other escaped.

On October 24, 1963, the appellant, Stanfield Blocton, was arrested and charged with assault against Palazzolo with intent to kill with malice, the charge arising out of the shots which the defendant was alleged to have fired in the above described incident.

On the trial of the cause, Officer Palazzolo identified the appellant as one of the two men who emerged from the grocery store on December 12, 1960, and who fired shots at him and his fellow officers. The defendant at the trial denied any knowledge of the incident and testified that, although he had lived in the St. Louis vicinity for several years, he was not aware of the charge against him until his arrest in 1963. As above stated, the jury found the defendant guilty and fixed his punishment at five years' imprisonment.

On this appeal, appellant's first assignment of error relates to the trial court's rulling on an objection to testimony of Detective Abernathy, one of the two officers who were directed to the assistance of Palazzolo. Detective Abernathy stated that while he was in a police car at the time of the events in question, he "heard the call come out that a robbery * * *." Defense counsel interposed an objection and the officer did not complete the sentence. Counsel for the defendant asked for a mistrial "in view of the Officer's statement." The motion was denied. Here, appellant asserts that the court's rulling was erroneous because it permitted evidence of an offense other than that with which the defendant was charged to be presented to the jury as proof of the act in issue.

■ Assuming that the objection made at the trial was sufficient to preserve the point raised on appeal, there are several reasons for its rejection. In the first place, Officer Abernathy testified no further regarding a robbery. He did not testify that the robbery call which he received pertained to the defendant. The mere mention of another offense is not per se prejudicial error in the trial of a criminal case. Furthermore, there can be little doubt that the "incident" which Officer Palazzolo investigated at the grocery store involved some criminal activity. Otherwise, there would have been no occasion for the defendant and his companion to have emerged from the store and to have immediately fired shots at a uniformed police officer. Even assuming that Detective Abernathy's reference was to a robbery in which defendant participated, such an offense was such an integral part of the activity upon which the charge for which defendant was tried was based that evidence of it falls within the well-recognized exception to the rule which appellant would apply. That exception permits such evidence when it is relevant and when two criminal acts are so related to each other "as to show a continuing and inseparable factual background definitely relevant to the determination of the essential issue in [the] case [on trial]." State v. Lunsford, Mo.Sup., 338 S.W.2d 868, 872. Here, evidence that a robbery had occurred would be definitely relevant on the issue of intent with which the shots were fired.

Appellant's next allegation of error arose out of testimony of Officer Palazzolo on redirect examination. The officer was asked whether or not he learned the name of the defendant on December 12, 1960. The officer stated: "We learned it from Otto Woods." Defendant's counsel objected, stating: "Anything this [witness] testifies as to this man's involvement in this, is purely hearsay." The objection was overruled.

■ In our opinion the admission of this evidence was prejudicial error. Although it is not entirely clear just when the officer "learned" from Woods the identity of the appellant, the only reasonable assumption is that the information was obtained following the arrest of Woods. In

such circumstances the situation is quite similar to that presented in the cases of State v. Chernick, Mo.Sup., 278 S.W.2d 741 and 280 S.W.2d 56. The former case involved prosecution for assault with intent to kill, the latter for robbery, both of which arose out of a bank robbery in the City of St. Louis. Several participants were involved in the affair. One was captured at the scene. The circuit attorney was permitted to testify that he thereafter interrogated the arrested participant and then "we put an arrest order out for Glenn Chernick." In holding the admission of this testimony prejudicial error at Chernick's trial, the court stated (280 S.W.2d 60):

"The essential principle of the hearsay rule is that for the purpose of securing trustworthiness of testimonial assertions, and of affording the opportunity to test the credit of the witness, such assertions are to be made in court, subject to cross-examination. And, if the declaration of a co-conspirator or co-actor sought to be shown in evidence is not in furtherance of the object of the unlawful combination, or if it was made prior to the formation thereof, or after the consummation of the purpose thereof, the objection to be made is that such declaration is hearsay statement and not binding upon the co-conspirator or co-actor on trial. Vol. 2, Wharton's Criminal Evidence, 11th Ed., § 699, p. 1183, at page 1188; State v. Chernick, supra; State v. Hill, 352 Mo. 895, 179 S.W.2d 712; State v. Priesmeyer, 327 Mo. 335, 37 S.W.2d 425; State v. Buckley, 318 Mo. 17, 298 S.W. 777; State v. Kennedy, 177 Mo. 98, 75 S.W. 979; State v. Duncan, 64 Mo. 262. (Conceptions of the hearsay rule as recognizing the further incidental imprint of trustworthiness because of the oath administered to a witness, and of confrontation and the related constitutional guaranty that in a criminal prosecution the accused shall have the right to meet the witnesses against him 'face to face', are also involved. Const. art. I, § 18 (a), V.A.M.S.; State v. Gorden, 356 Mo. 1010, 204 S.W.2d 713; Vol. V., Wigmore on Evidence, § 1362, pp. 3–7.)"

Here, the information undoubtedly was obtained from Woods following his arrest. Statements made at that time would not have been in furtherance of the alleged conspiracy between Woods and the appellant. Statements made by Woods at that time implicating appellant would upon the appellant's trial be hearsay and inadmissible in evidence against appellant. State v. Chernick, supra.

■ Respondent suggests that the objection to the officer's testimony was insufficient because it did not state the grounds upon which the testimony was sought to be excluded. The transcript does show that appellant's counsel first stated merely "I object" and that the assistant circuit attorney interrupted the objection by asking a further question which was not answered. (The interrupting question was: "Did you put an arrest order out at that time?" Compare Chernick, supra) Appellant's counsel again restated his objection, specifying that the objection was based on the ground that the testimony was hearsay. The objection sufficiently stated the basis of the appellant's complaint against the testimony.[1]

Respondent contends further that the testimony "merely established the name of the appellant. Appellant was not an unknown suspect, he had been seen and identified by the police officer." The officer's testimony did more than merely establish the name of the appellant. It identified

1. The sufficiency of the objection is not questioned for lack of a motion to strike. Appellant's counsel did request a mistrial. The highly prejudicial nature of the testimony, solicited by the prosecution and going to the heart of appellant's defense, could not have been cured by a motion to strike. Therefore, the objection made and the relief requested sufficiently presented the matter for review. State v. Burchett, Mo.Sup., 302 S.W.2d 9, 13–15 [1–3]. See State v. Smith, 357 Mo. 467, 209 S.W.2d 138, 142 [8, 9].

the appellant as the person who participated in the offense. In this respect the case differs from the case of State v. Deppe, Mo.Sup., 286 S.W.2d 776, relied upon by respondent. There Deppe was arrested on the premises on a charge of bookmaking. The police officer who made the arrest accepted telephone calls at the scene of the arrest and testified that callers asked for "Larry" or "Bud." The officer was permitted to testify that the defendant was known as "Bud." The object of the testimony was not, however, to identify the defendant in that case as the person guilty of the offense. It was merely to show that the person arrested was known by the name of "Bud." Likewise, in the case of State v. Francies, Mo.Sup., 295 S.W.2d 8, relied on by respondent, the possibly hearsay evidence was employed to identify the victim of the homicide, not the defendant.

In this case the prejudicial nature of this testimony was brought home by the fact that, following the submission of the case to the jury, while the jurors were deliberating, they submitted to the court three questions, one of which was: "Also, was Mr. Woods's testimony as to implicating Mr. Blocton allowed to stand?" The trial court, of course, did not endeavor to answer the question. Woods did not testify and testimony that he had implicated the appellant came only from Officer Palazzolo. The jury's inquiry leaves no doubt that the jury was impressed by such testimony.

Respondent also suggests that by cross-examining Officer Palazzolo regarding Woods' statement, appellant waived any objection to its original introduction. The officer was cross-examined about the identity of the appellant as the subject of two photographs obtained the day following the shooting. The officer testified that he obtained the photographs from a person who he believed was a female relative of appellant. When the appellant's attorney asked the witness whether he had any other knowledge that the photographs were of appellant, the witness replied: "And, also, the photographs were identified by Woods as being Blocton, his cousin, *who assisted him in the incident.*" (Emphasis supplied) An objection to the voluntary nonresponsive reply was overruled. The italicized portion of the reply was voluntary and not responsive to the question asked of the witness. This cross-examination did not constitute a waiver of the original objection. We find no other portion of appellant's cross-examination which called for or produced any testimony that Woods had made a statement which implicated the appellant.

The judgment of conviction is reversed and the cause remanded for a new trial.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.