**STATE of Missouri, Respondent,**

v.

**Leonard ARMSTRONG, Appellant.**

No. 41006.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 21, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1980.

Richard A. Fredman, Fredman, Watkins, Fredman & Kopf, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Leonard Armstrong guilty of carrying a concealed weap-

on. Section 571.115, RSMo. 1978. The trial court sentenced defendant as a former felon to five years' imprisonment.

Defendant has appealed, contending the court erred in admitting evidence of his pre–arrest activity in "casing" other retail stores, and in failing to direct an acquittal because evidence of concealment came from distant observation through binoculars. We deny both contentions and affirm.

The directly incriminating evidence came from two plain–clothes police officers. Using binoculars from a point fifty yards from the retail store, each saw defendant and a companion enter and leave the store and return to their parked car. As defendant then reached underneath his knee–length coat the officers saw him remove a chrome–plated revolver from his trouser waist band and hand it to his companion who then covered the weapon with a coat and entered the store. Moments later the companion returned and placed the folded coat in the car trunk. When police searched the car trunk they found the chrome–plated pistol wrapped in the coat.

Defendant now challenges the evidence of his conduct before police saw the concealed weapon. They had been following defendant's car for an unstated time. Four or five times, in quick succession, it stopped as defendant's companion got out, peered into store windows, had some communication with defendant, and moved on to the store in question.

■ We first consider the defendant's initial complaint as to pre–arrest activity. During the state's opening statement, without the state having then made any reference to defendant's pre–arrest conduct, the defendant objected on the ground of relevancy to the state referring to the police officers having earlier followed defendant. Defendant made no comparable objection during trial. As in State v. Savu, 560 S.W.2d 244[2] (Mo.App.1977), pre–trial objections are inadequate, the court ruling: "Defendant did not preserve this error on appeal because he failed to make timely objections to the evidence at the time it was introduced during trial." To the same ef-

fect, see State v. Yowell, 513 S.W.2d 397[1, 2] (Mo. banc, 1974).

■ Viewed on the merits, the trial court did not abuse its discretion admitting evidence of defendant's immediately prior conduct. Where the challenged activity logically relates to the circumstances of the charged crime, as we hold it was here, evidence thereof is admissible. State v. Lafferty, 415 S.W.2d 792[3] (Mo.1967); State v. Blocton, 394 S.W.2d 323 (Mo.1965).

For his other point defendant challenges the sufficiency of the evidence to show, as required by the court's verdict–directing instruction and by State v. Tate, 416 S.W.2d 103[1, 2] (Mo.1967), that the pistol was so concealed as "not to be discernable by ordinary observation." The gist of defendant's argument is that the arresting officers did not see the weapon in question by ordinary observation. The evidence was that from a distance of fifty yards each police officer saw the pistol while looking through his "seven by fifty" binoculars which reduced the relatively visible distance from 150 feet to 21 feet.

■ Defendant cites no authority for his argument that "ordinary observation" excludes what one sees through binoculars. The word "ordinary" means usual, customary or normal. (Courtney v. Ocean Accident and Guaranty Corporation, 346 Mo. 703, 142 S.W.2d 858[2].) A pair of binoculars is not such an uncommon instrument as to be extraordinary. (To accept defendant's unsupported argument we would have to believe the old canard that what one sees through eyeglasses is not seen by ordinary observation.) We conclude the evidence was sufficient to show defendant did carry a concealed weapon.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.