**STATE of Missouri, Respondent,**

v.

**Eunice J. McINTOSH, Appellant.**

**No. WD 32402.**

Missouri Court of Appeals,
Western District.

June 8, 1982.

James W. Fletcher, Public Defender, Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and PRITCH-ARD and DIXON, JJ.

PRITCHARD, Judge.

By the verdict of a jury, appellant was convicted of obtaining a controlled substance by fraud under § 195.250, RSMo 1978. The jury was unable to agree upon her punishment and the trial court set it at five years imprisonment in the Missouri Division of Corrections.

Three points are made, the last of which challenges the sufficiency of the state's proof. The evidence was this: Douglas C. Albers, a pharmacist of four years, owning and operating the Albers Pharmacy at 4400

Broadway in Kansas City, Missouri, received a phoned-in request for a prescription on August 7, 1980, at about 12:00 or 12:15 p. m. When Albers was asked what the nature of the call was, appellant objected on the ground of hearsay. The court indicated that the objection was sustained in that it was not substantive evidence of what did happen, but it was only to show what the pharmacist did as a result. Appellant stated she wanted an instruction to the jury as to what the evidence was for if it was going to be let in, and the court did instruct: "With respect to the testimony that the witness is about to give with respect to this phone call, it does not prove the truthfulness of what may have happened but only to explain why this witness then subsequently did what he did do, that he acted upon that, so you will understand why he did what he did do." Albers then testified that he received a phone call from a female who represented herself as being from the office of a Dr. "Steinbricker" calling in a prescription for a Eunice McIntosh for Tylenol No. 3. She also gave him the physician's address, phone number, and a federal DEA number, respectively, 3020 Independence Avenue, 231–2409, and AS1064201. Albers was not familiar with the physician, and, upon consulting the telephone directory, could not find his name listed. He called the number but received no answer. He then checked the validity of the DEA number by a formula, and found it to be invalid.

Albers then called the police, and arrangements were made to call them again if someone called in to ask if the prescription was ready. Such a subsequent call was received, and two plainclothes officers came to the pharmacy when appellant, giving the name of Charlotte McIntosh and saying she was Eunice's sister, asked if the prescription was ready. Albers told her he had to dispense the prescription to the person for whom it was written, and she left. A phone call was made by a person identified as having Charlotte McIntosh's voice and asked that the prescription be delivered, which Albers declined to do. That person then said she would try to get her sick sister out of bed and bring her to the pharmacy to pick up the prescription, and later appellant came in with changed clothing, stated she was Eunice McIntosh and received the filled prescription and left.

Detective Charles Fortner arrested appellant as she left the pharmacy, taking from her the bottle of Tylenol 3, which was stipulated to contain a controlled substance, codeine. Fortner testified further that he subsequently made further investigation by checking the phone book for Dr. Steinbricker's name, finding none; by checking and finding there was no address of 3020 Independence Avenue; and by finding that the given phone number was Uncle Ezra's Inn at 3253 Independence Avenue.

The other officer at the pharmacy was David Ray, who later interviewed appellant, first advising her of her Miranda rights. A statement was taken from appellant in which she said one Peaches (Ms. Picolio Coleman) was going to get Tylenol 3 in appellant's name. Peaches said she was going to call in at 4400 Broadway. Appellant went to the pharmacy with her sister, Charlotte Fristoe, and her sister-in-law, Jo Ann Hammadon, and went in and asked for the McIntosh prescription, saying, when asked, that she was not McIntosh. The man said McIntosh would have to pick up her own prescription. Appellant then tried to get Charlotte and Jo Ann to get it as McIntosh, but they refused. Appellant changed clothes with Jo Ann and went into the pharmacy and got the prescription. She was asked: "Q. Eunice, did you know at the time that Ms. Coleman called you that the prescription was fraudulent? A. She told me that it wasn't but I know deep down inside that it was phoney."

█ With respect to the objection, upon the ground of hearsay, to the admission of evidence as to the phone call to Albers Pharmacy, it was properly overruled. As noted and instructed upon by the trial court, it was not admitted for the truth of what was said, but rather that the representations were in fact made and were the basis for subsequent actions of Albers. See

the similar case of *State v. Herington*, 520 S.W.2d 697, 700[2, 3] (Mo.App.1975), where the victim of a "con game" related the representations and instructions which he had received by telephone to the effect that bank employees were dishonest and had taken money from his account. Defendant's hearsay contention was rejected on the holding that the testimony complained of was relevant and admissible, not to prove the truth or falsity of the caller's representations, but rather to show that the representations were in fact made and formed the basis for subsequent actions on the part of the victim. See also the there cited and quoted case of *Miller v. Brunson Const. Co.*, 250 S.W.2d 958 (Mo.1952), holding that such statements do not make the hearsay rule applicable.

Appellant contends that the testimony of Albers as to his use of the formula to determine the validity of the DEA number was admitted without proper foundation in that there was no testimony as to the existence, source or reliability of the formula. No objection at the trial was made to this testimony on that ground or the further here asserted ground that Albers was not competent to testify as to the existence, application or conclusion drawn from the formula, in that there was no evidence as to the basis of his knowledge of the formula or his qualifications to apply it, and the validity of the DEA number is not a proper subject for either expert or lay witness conclusions. [These assertions are in appellant's Point I, which claims error in the overruling of pretrial motions in limine, but the same are carried over in part in the last point attacking submissibility of the State's case.] The points are without merit because one cannot rest upon assertions made and overruled in pretrial motions, but must keep the matters alive by proper objections during trial. *State v. Armstrong*, 609 S.W.2d 717, 718[1] (Mo.App.1980); *State v. Hurst*, 612 S.W.2d 846, 856[35–36] (Mo.App.1981). The unobjected-to testimony was in the case for all purposes. *State v. Day*, 531 S.W.2d 780, 782[2] (Mo.App. 1975).

The substance of the evidence sustaining appellant's guilt is this: Albers was not familiar with a Dr. Steinbricker and checked the telephone book for that name, finding that it was not listed; he called the number given him and no one answered; he applied the DEA number formula and found that the one given on the prescription was not valid; Fortner also checked the telephone book for Steinbricker's name without success, the address given for his office did not exist, and the phone number given was for Uncle Ezra's Inn; appellant gave her first name as Charlotte at the pharmacy claiming that "Eunice" was unable to pick up the prescription; she tried to get the prescription delivered to her home still using the name of Charlotte, she returned, dressed differently, and picked up the prescription; and, importantly, she admitted that she knew the prescription was phoney. These facts not only establish the corpus delicti (that someone obtained a controlled substance, and that fraud, deceit, misrepresentation or subterfuge were used) to make appellant's confession admissible, but are certainly abundantly sufficient to sustain the conviction. Point II, that the court erred in overruling the pretrial motion in limine on hearsay grounds, is without merit, because it was not preserved for review by objection at trial, and no claim herein will be reviewed under the plain error rule.

The judgment is affirmed.

All concur.