**STATE of Missouri, Respondent,**

v.

**Doyle James WILLIAMS, Appellant.**

**No. WD 34598.**

Missouri Court of Appeals,
Western District.

Aug. 8, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Oct. 2, 1984.

Karl L. Madden, Jr., Moberly, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and SOMERVILLE and KENNEDY, JJ.

PRITCHARD, Presiding Judge.

By the verdict of a jury appellant was found guilty of attempting to obtain by fraud a controlled substance (§ 195.170 1, RSMo 1978), and his punishment was assessed by it at twelve years imprisonment in the Division of Corrections. The trial court, however, increased the punishment to life imprisonment upon a finding that appellant was a persistent offender in six prior felony convictions in the United States District Court for the Western District of Missouri, for interstate transportation of stolen motor vehicles.

■ Appellant asserts as plain error in his Point I and argument thereunder that the trial court acquired no jurisdiction over his person because the warrant for his arrest was signed by the Clerk of the Court rather than by the judge thereof. The case of *State v. Fleming*, 240 Mo.App. 1208, 227 S.W.2d 106 (1950), did construe § 4179, RSMo 1939 (the predecessor to § 544.030) as not authorizing the clerk of the court (rather than a magistrate) to sign a warrant for arrest. The Supreme Court, however, has changed § 544.030, in Rule 22.04 (effective January 1, 1980), which provides, "6. [The warrant for arrest] Be signed by the judge *or the clerk of the court.*"

(Brackets and emphasis added.) See *Miller v. United States*, 354 F.2d 801 (8th Cir. 1966), where evidence seized under a Missouri warrant of arrest was received on an income tax evasion charge, the court holding with respect to the state arrest warrant signed by the clerk under then Rule 21.08 (now Rule 22.04) was a procedural matter, and was valid. Point I is overruled.

■ In Point II, appellant contends that the court erred in imposing an illegal sentence in that (as argued) he was not a persistent offender under § 195.200, because he had not been convicted of any prior felony violation relating to controlled substances, under § 195.170. The controlled substance statutes are under the evidence not applicable. Rather, appellant was charged and found to have committed the prior felony offenses under § 558.016.2, which offenses involved the interstate transportation of stolen motor vehicles. There were, of course, no prior controlled substance offenses charged or proved. Point II is overruled.

Dee Ernest testified that she is a registered pharmacist, employed at the Gem Drug Store in Columbia, Missouri. At about 10:30 a.m. on April 26, 1980, she received a telephone call from someone who stated that they were calling from the office of Dr. Domann, and that they were sending a prescription for 100 Dilaudid pills in the name of Mark Matteson. On the same morning, Dee received calls from the Callaway County Sheriff's office and the Columbia Police, but the substance of those calls was not given in evidence. At about 5:30 p.m., a person identified in court as appellant came into the Gem store and handed Donna Morrow a prescription purportedly from Dr. Domann's office and signed by him for one Mark Matteson. Donna called Dee and gave her the prescription. Dee took down appellant's address, looked over the prescription, and told him that it might take a little bit of time because the computer was new. Appellant asked Dee if he was in the right drugstore, and if someone had called concerning this prescription for his uncle, Mark Matteson.

Dee excused herself and went into the back office where she called the police, who arrived a few minutes later. Appellant had been moving around, side to side, and as the police arrived, he went out the front door. The police stepped inside the drugstore and asked Dee if that was the man, and she said yes. Columbia Police Officer, Dave Nelson, testified that he observed two men coming out of the front door of the Gem Drugstore and ordered them to stop, and appellant started to run, and after a struggle, the officer apprehended him, arrested him and booked him. Officer Richard Jenkins found a car on the parking lot where Gem Drugstore is located, and therein found a checkbook bearing the name of Mark Matteson, and a notebook bearing the name of Doyle. He determined that the car did not belong to appellant. Mark Matteson testified that the checkbook found by Jenkins was his, and that he had lost or misplaced it. He was not related to appellant and did not get the prescription. There was evidence that the signature on the prescription form presented by appellant to Gem was not that of Dr. Domann.

■ Appellant's Point III is that the testimony of the telephone call to Gem Drugstore and Dee Ernest was hearsay and therefore was improperly admitted. The testimony was given not to prove the truth of the telephone conversation, but merely to show that it was made. It was relevant in that it tended to prove that appellant tried to procure a prescription which he knew was invalid—he asked Dee if a call had been received concerning the prescription. The name on the prescription was shown not to be his uncle. In these circumstances, the remarkably similar case of *State v. McIntosh*, 635 S.W.2d 370 (Mo. App.1982), controls in its holding that the telephone call received by a pharmacist was not admitted for the truth of what was said, but rather that the representations were in fact made and acted upon by the person called—here Dee Ernest. See also the there cited case of *State v. Herington*, 520 S.W.2d 697, 700[2, 3] (Mo.App.1975), where the victim of a "con game" enter-

prise received telephone calls from someone saying that bank employees were dishonest, and he should take money from his account, which formed the basis for the victim's subsequent actions. Point III is, therefore, overruled.

Ken Bishop, of the Callaway County Sheriff's Office, testified that he received a telephone call to go to Dr. Domann's office in Auxvasse, Missouri, on April 26, 1980, and about 11:30 a.m., when he arrived there, he found the north back door to the doctor's office had its screen ripped off, and a wooden door, the second door, had either been kicked or pried open. "The lock was busted on it." He went inside, and when he was asked what he then observed, appellant's counsel then objected upon the ground of lack of relevancy, and after colloquy with the court, the objection was sustained. No request for a jury instruction, or for mistrial, was made. Appellant got his requested relief. No further reference was made to the burglary, and there was no attempt to tie appellant to its commission. Appellant's attempt to claim plain error in Point IV in which he asserts the testimony injected evidence of another unrelated crime under *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (1954), is rejected, and the point is overruled.

In Point V appellant again asserts plain error of the trial court when it failed to bring him to trial within 180 days under § 545.780, and tried him on May 12, 1981. Appellant must show that the delay was occasioned by the state. *State v. Ratliff*, 633 S.W.2d 267, 269 (Mo.App.1982). The legal file shows that appellant was responsible for 192 days of the delay: His requested continuance from July 4, 1980, to August 4, 1980, 25 days; a change of venue taking 7 days from September 8, 1980, to September 15, 1980, when the case was received by the second court; a continuance of 86 days from December 4, 1980 to February 26, 1981; and a further continuance on February 27, 1981 until the trial on May 12, 1981. The file shows that the state was responsible for only 132 days of the delay. Appellant has failed to show

that the delay beyond 180 days was attributable to the state, but the file affirmatively shows that it was appellant's fault. See *State v. Franco*, 625 S.W.2d 596, 601 (Mo. 1981). Point V is overruled.

The judgment is affirmed.

All concur.