**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ricky CARTER, Defendant-Appellant.**

No. 48898.

Missouri Court of Appeals, Eastern District, Division Two.

March 19, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 26, 1985.

Application to Transfer Denied May 29, 1985.

Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Henry Robertson, St. Louis, for defendant-appellant.

LOWENSTEIN, Special Judge.

Carter was charged with two counts of rape and two counts of sodomy, involving one victim, Anita Walker. He was found guilty on one count of forcible rape. Prior convictions of forcible rape led to his sentence as a persistent sexual offender, § 558.018 RSMo (Supp.1983) of thirty years. The incident occurred at the house of Larry Walker, a friend of Carter's. The victim had accepted a dinner date from Carter whom she'd met a year before when he aided her after a car accident. The two smoked marijuana and danced until, without warning, Carter threw Anita to the floor and threatened her with a hammer which Anita said had a wooden handle and a metal head. The victim was compelled to engage in acts of intercourse and oral sex with Carter, as well as Larry Walker and three other men who appeared on the scene.

Carter's first point on appeal concerns testimony of a police officer. Larry Walker was not a witness in this case, but had turned over to police a wooden hammer handle without a head. At trial the officer was asked why he did not enter Larry's house. In response he said: "It was his residence and at the time we did not have a search warrant but he said he would obtain the weapon that was used during the incident and return it and bring it to us." Carter immediately moved to strike that answer as inadmissible hearsay and to instruct the jury to disregard it. The court sustained the motion and so instructed the jury. Carter did not ask for a mistrial at the time but now contends the statement was so prejudicial as require a new trial.

At trial Carter got all the relief he requested. Had the court overruled his objection (as in *State v. Blocton,* 394 S.W.2d 323 (Mo.1965) or had Carter requested a mistrial (as in *State v. Rayner,* 549 S.W.2d 128 (Mo.App.1977)) the stan-

dard of review would be more exacting. But here the only review would be under plain error, Rule 29.12(b) where this court must find that manifest injustice or miscarriage of justice had resulted. The Missouri Supreme Court faced a similar situation in *State v. McIlvoy*, 629 S.W.2d 333, 340 (Mo. banc 1982). There a defendant objected to the state's argument and asked that the jury be instructed to disregard it. However, he did not ask for a mistrial. The supreme court said that even though the objection was technically "not expressly ruled upon", the appellant was nevertheless granted all of the relief which he requested. Furthermore, the trial court did not commit plain error by not declaring a mistrial *sua sponte*. The same is true in the present case, and so Carter's point is denied.

Carter's second contention is that it was reversible error to allow the state to argue a negative inference from his failure to subpoena medical experts to support his evidence and argument. At trial the only medical testimony came from two nurses. The state called the examining R.N. who took the requisite samples from the rape victim. Because the victim had been forced to douche, no semen was present in the sample. On cross-examination the R.N. admitted that a douche only rinses out the vagina and any fluid in the uterus would be free to flow back into the vagina. Carter called Larry Walker's mother as a witness who also happened to be an L.P.N. She also testified that whatever can go up into the uterus can come down at any time.

From this testimony, Carter concluded in closing argument that there was no proof of rape beyond a reasonable doubt. Counsel told the jury since no semen was present, and no signs of trauma were showing there could be no corroboration of a rape. Counsel argued, "she couldn't have douched away what she said happened to her, not at that point, never." In rebuttal the state argued "we got doctors all over this town and did one of them come in here and tell you, yes, if you wait an hour these sperm will seep back and then you take another sample. Did you hear

that? You didn't hear that. She's got subpoena power just like I do." (Referring to Carter's defense counsel.)

The court stated in *State v. Stamps*, 569 S.W.2d 762 (Mo.App.1978) that prosecutors are permitted wide latitude to reply to defense counsel's argument which is directed to discredit the state's case. In fact an otherwise improper comment by a prosecutor may be admitted if the retaliatory argument was invited by defense counsel's assertions. *State v. Simms*, 639 S.W.2d 105, 110 (Mo.App. 1982). Carter's reliance on *State v. Chunn*, 657 S.W.2d 292 (Mo.App.1983) is misplaced, as the state's closing argument included a direct reference to the accused's failure to testify, and also to facts not in evidence. The trial court's broad discretion in permitting the use of retaliatory remarks was not abused in this case. *State v. Stamps, supra,* at 769. This point is also denied.

The judgment is affirmed.

SIMON, P.J., and STEPHAN, J., concur.