Ricky CARTER, Appellant,

v.

STATE of Missouri, Respondent.

No. 53967.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Application to Transfer Denied
Oct. 18, 1988.

---

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

After an evidentiary hearing the motion court denied movant's motion for post conviction relief filed under former Rule 27.26. Movant seeks relief from a thirty year sentence imposed after a jury found movant guilty of forcible rape. The same jury found defendant not guilty of one count forcible rape and two counts sodomy. We affirmed movant's conviction in a direct appeal. *State v. Carter,* 689 S.W.2d 780 (Mo.App.1985).

The substance of the charge for which movant was convicted alleged defendant, acting with others, on the 10th day of June, 1983, in violation of Section 566.030 RSMo 1978, committed forcible rape "by the use of forcible compulsion," and, "in the course of such offense defendant, acting with others, *displayed* a deadly weapon or dangerous instrument *in a threatening manner* subjecting [the victim] to sexual intercourse and deviate sexual intercourse with more than one person." [Our emphasis.] Movant testified in support of his claim of ineffective assistance of counsel. He recalled that the evidence at trial consisted of testimony of the victim that "we *threatened* that her life was at stake ... that I *threatened* her to beat her with a hammer, cut her up, and put her in a plastic bag." In summary, the charge and the evidence in support of the charge was that a hammer was employed to threaten, but not to strike the victim. There was no evidence she was struck or sustained any injury, serious or not serious, by reason of the use of a weapon.

For purposes of this appeal, there is no dispute that during the trial the court submitted verdict directing instructions on each charge as Instructions 5 through 9. These instructions followed MAI–CR 2d. 20.02.1 and employed the term forcible compulsion. Instruction No. 9 defined the term "forcible compulsion" as "either (a) physical force that overcomes reasonable resistance, or, (b) a threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of himself or another person." Trial counsel for defendant did not request, and the court did not submit, an instruction defining "serious physical injury." See, MAI–CR 2d. 33.01: serious physical injury "means physical injury that created a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ."

Movant claimed many grounds for relief in a pro se motion and in an amended motion filed by counsel. Denial of relief on most of the grounds is not questioned by this appeal. The court entered extensive findings of fact, applied conclusions of law and denied relief. On appeal movant claims the court erred in: (1) failing to make findings of fact and conclusions of

law on some issues presented in the motion, a violation of Rule 27.26(i); (2) finding that failure to define "serious physical injury" in the jury instructions was harmless error in terms of movant's claim that counsel was ineffective for failing to request the definition instruction or to notify the court of its failure to define the term; and, (3) in finding that failure to define the term "serious physical injury" was harmless error because that term does not have the same meaning under the law as it does to the layman. The latter claim is supported by the contention that the instructional error (and counsel's failure) is one of sufficient magnitude to constitute an error affecting a constitutional right with a resulting denial of a fair trial as guaranteed by the Sixth Amendment.

We find the court satisfied the requirements of Rule 27.26(i) on the matters preserved on appeal. Appointed counsel incorporated the allegations in movant's pro se motion in the amended motion. Movant claims the court failed to make findings on points four and five of the amended motion. He acknowledges the court made a finding on paragraph 8 (1) of the pro se motion. We find that the subject matter of the three allegations are the same. In paragraph 8 (1) of the pro se motion movant alleges the jury was not given an instruction defining the technical term "serious physical injury" which was used in Instruction No. 9; that the verdict directing instruction for the offense for which movant was found guilty contained the term "forcible compulsion"; that Instruction 9 defined forcible compulsion by utilizing the term "serious physical injury"; but, the definition of serious physical injury was not given. Points four and five of the amended motion consist of allegations that movant was denied his constitutional right to a fair trial and due process of law when: (1) the court failed to give the required instruction defining serious physical injury (point four); and, (2) movant's counsel was ineffective for failure to notify the court of the instructional error, at trial or in a motion for new trial, thereby, subjecting movant to a conviction based on some act less than that required by law (point five).

■ In findings of fact the court addressed movant's contention that failure to submit a definition of "serious physical injury" required a new trial. The court found that the error, if any, "certainly was harmless error." The court observed that defendant was found guilty on three of four counts where the term was not defined with regard to any count. The court found this as evidence that the jury was not confused or mislead by any failure to instruct. The court also found that the terms were those of common usage. The latter finding, if it is intended to excuse the failure to instruct on the term, is erroneous. *State v. Rodgers*, 641 S.W.2d 83, 85 (Mo. banc 1982). However, the court also made a general finding that the failure to define "serious physical injury" in the present case was harmless error. These findings were responsive to the relevant allegations in the pro se motion and in the amended motion. No remand for further findings is required. The findings are adequate to permit this court to review the following claims of error in order to determine whether the conclusions based on these findings and the resulting judgment were clearly erroneous. Rule 27.26(j).

■ Movant's two substantive points on appeal attack the findings of the court that the failure to submit a definition of serious physical injury was harmless error and that counsel was ineffective for failure to request the instruction or to notify the court of its failure to submit the required instruction. We do not agree that the technical term was one of common usage and for that reason the definition need not have been submitted. We do find the evidence supports the finding of non-prejudicial error which was not clearly erroneous. We affirm.

■ Movant bears the burden of proving not only ineffective assistance of counsel but prejudice. *Strickland v. Washington*, 466 U.S. 668, 697–87, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 697–98 (1984); *Sanders v. State*, 738 S.W.2d 856, 860–861 (Mo. banc 1987). Movant failed to prove any prejudice in a case where no injury was alleged

or proven. First, the charge did not allege that defendant, acting with others, caused injury. Rather, it alleged defendant "displayed a deadly weapon ... in a threatening manner." The evidence did not include proof of any injury, serious or otherwise. Movant testified in the motion hearing that there was no evidence of injury.

Second, the definition of forcible compulsion submitted in instruction No. 9 included the alternatives of force overcoming reasonable resistance [which was obviously proven]; or, threat which placed the victim in reasonable fear of death [which was obviously proven], serious physical injury [none alleged or proven] or kidnapping [which was irrelevant]. The evidence in the present case did not include any element of injury, serious or otherwise. Accordingly, the issue of the degree of injury was not a disputed issue in the trial of the case.

Third, on exactly the same instructions on three similar charges, tried to the same jury, the defendant was found not guilty. This may or may not be conclusive on an issue of prejudicial error on a direct appeal. In a post conviction relief suit it is significant because it strongly mitigates against the primary claim of ineffective assistance of counsel by reference to the alleged failure of performance regarding instructional error.

Fourth, of greater importance, the threatened use of a hammer, together with the apparent ability to carry out a threat, was substantial evidence to support a finding that a person, so threatened, would have reasonable fear of death. The balance of the definition applies only to a degree of injury where that is an issue. The nature of the weapon and the described threat, is sufficient to overcome movant's claim that the error of omission denied movant a fair trial. On these facts the instructional error was a matter for direct appeal. *Hanson v. State*, 684 S.W. 2d 337, 339–340 (Mo.App.1984).

Without question, the term serious physical injury should have been defined. However, the failure to request the instruction or to point out the failure of the trial court to give the instruction was not ineffective assistance of counsel constituting deprivation of a constitutional right. *See, Cole v. State*, 573 S.W.2d 397, 399 (Mo.App.1978). The relevant findings of the trial court were not clearly erroneous although based, in part, upon a fallacious belief that the term is one of common usage and therefore need not be defined.

We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.