CRIST, Judge.
Defendant appeals her convictions for two counts of stealing over $150, a Class C felony, § 570.030, RSMo 1986. She was sentenced to two concurrent two-year prison sentences. We affirm.
Defendant first asserts the indictment failed to charge her with a felony because it did not allege defendant stole property of a value greater than $150. She contends this error prevented the trial court from acquiring subject matter jurisdiction, thus, her conviction is a nullity. She also contends the State had no power to amend the indictment.
Defendant was initially charged by an indictment which alleged she had committed two counts of the Class C felony of stealing. The indictment stated facts describing each crime. The first count did not state the value of the money stolen; however, the second count included the amounts stolen for each charge. Neither count alleged the element of stealing property of a value greater than $150.
On the opening day of trial, the prosecuting attorney filed an information in lieu of indictment. The information alleged the same two counts and set forth the same facts, but added that the property stolen was of a value greater than $150.
The trial court acquired subject matter jurisdiction over the charges against defendant despite the alleged errors in the indictment. The State was allowed to amend the indictment by information at any time before verdict or finding if no additional or different offense was charged and defendant was not prejudiced. Rule 23.08; State v. Toney, 680 S.W.2d 268, 272[1] (Mo.App.1984). The ability to amend implies the court had jurisdiction over the subject matter. Id. [8].
The information in lieu of indictment did not charge defendant with a different offense. The original indictment stated all the necessary facts to state a crime of stealing. The amount of money stolen was not a necessary element to the offense, but provided for increased punishment. State v. Bradshaw, 643 S.W.2d 834, 836[4] (Mo.App.1982).
Nor were defendant’s rights prejudiced by the information in lieu of indictment. The indictment put defendant on *703 notice that she was specifically charged with two counts of the Class C felony of stealing and set forth the facts describing the crimes. Defendant was not precluded from raising any defenses to the crimes charged that she may have had prior to the amendment. Id. [5]. Defendant’s first point is denied.
Defendant next asserts the trial court erred by allowing evidence of phone calls to the complaining witness to be admitted. Defendant contends the admission of these conversations was error because the caller was never identified, and the calls were hearsay.
The primary witness for the prosecution was the victim, Irene Lear (hereafter victim), a seventy-two-year-old white female. At trial, she related the following testimony. In April of 1987, victim received a phone call from a woman previously unknown to her. The caller identified herself as Linda Wilson (caller). Victim said she did not believe the defendant was the caller. Caller claimed she worked for Family Services and asked victim if she wanted to be seen in her home by a visiting nurse. Victim replied she was in good health and did not need a nurse. The caller then told victim Family Services was looking for people in good health who might need a job, and asked victim if she was interested. The caller said she knew some of the women that victim had worked with and had helped them get jobs. Caller and victim discussed jobs, and the caller said she would call back in a couple of days to arrange to have one of her “runners” to come to victim’s home and take her job hunting.
Caller called back a couple of days later. She asked victim if she would like for Margaret to come by and take victim to see about a job. Caller told victim that she had worked with Margaret at her previous job. Victim testified that the only Margaret she knew from her previous job was the defendant. They had been employed at the same nursing home prior to victim’s retirement. Victim agreed to the arrangement; however, no one arrived to pick her up. She testified this occurred on at least three occasions.
At some point during one of the conversations, caller asked victim if she had ever received food stamps. When victim said no, the caller told victim she was eligible for a check from the government. Caller said she would go to Jefferson City and talk to the authorities and get victim the check. Caller represented to victim she would be eligible to receive about $3000.
Caller again called after a few days and told victim she was eligible to receive $15,-000. However, caller said that for victim to receive the money, she would have to pay around $4000 in taxes on the money. Victim said she only had a little over $1500 in her savings and between $500 and $600 in her checking account, and she didn’t want to withdraw her savings. Caller told victim she would not have to withdraw her money, but instead caller and Margaret would furnish the money. Caller said Margaret would take victim to her bank, give her a check for the $1500 to deposit, victim would withdraw $1500 in cash, and victim’s account would keep the same balance.
The day after this conversation, defendant arrived at victim’s house and took her to her bank. Defendant gave victim a check for $1500 written on the joint account of defendant and her roommate, Mary Hogue. Victim endorsed and deposited the check and gave the cash received to defendant.
The next week, caller again called and said they needed an additional $600 for taxes. She also told victim she was eligible for $19,000 from the government. Defendant again came by and took victim to her bank, where victim withdrew $600 and gave this money to defendant. Thereafter, the $1500 check to victim was returned for insufficient funds.
The proffered testimony of victim as to the telephone calls from the unknown Linda Wilson was not hearsay because it was not admitted for the truth of the caller’s representations, but rather to show the representations were made that formed the basis of victim’s subsequent actions. State v. Herington, 520 S.W.2d 697, 700 [2, 3] *704 (Mo.App.1975); State v. McIntosh, 635 S.W.2d 370, 371-372[1] (Mo.App.1982).
Defendant did not object to the admissibility of the telephone conversations at trial on grounds of lack of identification of the caller. However, upon reviewing the transcript, we find the testimony was admissible. “Generally, testimony about a telephone conversation is not admissible absent identification of the caller. However, identification may be shown by the circumstances of the call.” State v. Gardner, 743 S.W.2d 472, 473[4] (Mo.App.1987). The circumstances show the caller was involved in the scheme with defendant. Caller made appointments with the victim for her to meet with defendant, to which defendant arrived and carried out the arranged plans. The necessary link between the caller and defendant was shown by the appointments and arrangements made by caller which defendant carried out. DeBenedictis v. Wainwright, 517 F.Supp. 1033, 1037[9] (S.D.Fla.1981); State v. McSwain, 229 N.W.2d 562, 564[4] (Neb.1975). Further, the telephone conversations were an inherent part of the plan to steal money from the victim through deceit. As such, they were part of the res gestae of the crime, and identification of the caller was not necessary. Id. [1-2].
Defendant also asserts the court erred in admitting a slip of paper which had written on it the names Linda Wilson, Margaret Thornhill and Mary Hogue, and a phone number. This phone number was revealed to be defendant’s. Defendant objects to the admission of the note because its author was not identified. Defendant contends the note’s admission prejudiced defendant because it tied her to the calls made to victim.
Victim testified that she asked Linda Wilson for her phone number, which victim wrote down. Victim later repeated this information to a third party, who wrote the note introduced at trial.
We will not reverse for error in the admission of evidence unless defendant shows she was prejudiced by the error. State v. Clark, 747 S.W.2d 197, 200[5] (Mo.App.1988). Assuming the note was hearsay, its admission did not prejudice defendant. The challenged note was transcribed from the victim’s information. The victim testified at trial under oath, and was available for cross-examination by the defendant. State v. Ball, 622 S.W.2d 285, 290[11] (Mo.App.1981). Further, this having been a bench-tried case, it may be assumed the trial judge was not confused or misled by irrelevant and incompetent evidence. State v. Mandrell, 754 S.W.2d 917, 920-921[4] (Mo.App.1988).
Finally, defendant asserts there was insufficient evidence to support the verdict if the inadmissible evidence is excluded. Because the evidence was admissible and nonprejudicial, this point necessarily fails.
JUDGMENT AFFIRMED.
CRANDALL, P.J., and REINHARD, J., concur.