**STATE of Missouri, Respondent,**

v.

**Harold VAUGHN, Appellant.**

**No. 54048.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 28, 1989.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Harold Vaughn, appeals his jury conviction of stealing over one hundred fifty dollars ($150.00) pursuant to RSMo § 570.030 (1986) for which he was sentenced to three years imprisonment. We affirm.

The record reveals that on September 2, 1986, Mr. Kenneth Boyce, the district manager from Amerigas, a manufacturer and distributor of industrial gases, received a phone call from Caroline Vaughn, the appellant's ex-wife. Ms. Vaughn indicated that she wanted Mr. Boyce to come to her home in Granite City, Illinois to take back materials taken from Amerigas by appellant, an employee of Amerigas. Mr. Boyce then contacted the Granite City Police Department and, with Bruce Heckel, the area manager for Amerigas, proceeded to Granite City where they met two officers of the Granite City Police Department. The four of them then proceeded to Ms. Vaughn's residence where they were led to the garage in back of Ms. Vaughn's residence. Ms. Vaughn opened the garage door and pulled a tarp off of a pile of materials from Amerigas. Additional materials were found in appellant's Chevy Blazer parked in her driveway. Among the materials found at the Vaughn's home was welding equipment, a heater, gloves, a welding jacket, tanks, regulators and other related property. All of the items were the property of Amerigas.

There was an unwritten policy at Amerigas that employee's were allowed to borrow certain materials from the company. Only used or rental equipment was loaned to employees and supervisor approval was required. Testimony was elicited at trial that Mr. Boyce never gave appellant permission to remove the Amerigas property found at the Vaughn's home. Dave Henkel and James Stewart, another one of the appellant's supervisors, also denied giving appellant permission to take these items home. The jury subsequently found appel-

lant guilty of stealing over $150.00 and this appeal followed.

◼ Appellant first claims that the trial court erred in allowing Kenneth Boyce to testify as to what Caroline Vaughn told him about Amerigas property being at her home. We disagree. The rule against the admissibility of hearsay statements is inapplicable where the testimony is offered to explain subsequent conduct rather than as proof of the matters asserted therein. *State v. Thornhill*, 770 S.W.2d 701, 703 (Mo.App., E.D.1989).

◼ During the trial, Boyce testified to the following as a witness for the State:

Q. What else did she tell you?

MR. DEDE: I'll object. It's a hearsay statement, Your Honor.

THE COURT: I assume it's being used not to prove the truth of the matter asserted, but to show why he took further action as he did, later on.

Is that correct, counsel?

MR. MARGULIS: That is the only reason it's being offered, sir.

THE COURT: I'll overrule the objection.

Later on, while Boyce was testifying as to what occurred when he arrived at Caroline Vaughn's home, the following occurred:

Q. What else did she tell you?

A. She just said that she wanted the material out of her garage; that she did not want to be a part of anything that was going on, and she just couldn't take it any longer.

MR. DEDE: Could we approach the bench, please?

(Both counsel approached the bench, and the following proceedings were had:)

MR. DEDE: Judge, I understand the rules of evidence as far as hearsay, showing what actions a person takes. But I believe that there is a point where that has to stop, and that a witness is just narrating whatever somebody else says.

In the total frame, everything is hearsay with this witness.

THE COURT: I'll sustain the objection to the last portion of it. It isn't clear that that is being used to prove why the individual here took any further action, or why the police did.

The first one was to show, obviously, why he went to Granite City in the first place; what led him and the other gentleman to go; what led him to call the police in first instance, to go there with them, and such things as that.

As to this, I'll sustain it.

We conclude from our reading of the record that the testimony of Kenneth Boyce was admitted by the trial court not as proof of the matter asserted therein, but as an explanation for Mr. Boyce's subsequent action. The testimony was thus admissible. *Id.*

In his next point, appellant asserts that the trial court erred in barring the testimony of a defense witness as a sanction for defendant's failure to comply with Rule 25.05. This witness was to testify about the Company's policy of lending and giving away property and about defendant's possession of a cylinder of nitrous oxide. The trial court has discretion in determining whether a late endorsed witness should be permitted to testify and this court will reverse only for an abuse of discretion which results in fundamental unfairness. *State v. Bolen*, 731 S.W.2d 453, 460 (Mo.App., E.D.1987).

◼ On December 12, 1986, the State filed a request for discovery which included a request for names and last known addresses of persons, other than the defendant, whom the defendant intended to call as witnesses at any hearing or trial. Defendant's answer did not include the name of Dick Chambers, one of his supervisor's at Amerigas. The record indicates that it was not until the middle of voir dire on October 27, 1987, that the defendant attempted an endorsement of Chambers as a witness. Finding that the State would be substantially prejudiced by allowing Chambers to testify, the trial court excluded Chambers as a witness for the defense. The exclusion of a vital witness is a drastic remedy not readily to be resorted to.

*State v. Mansfield,* 637 S.W.2d 699, 703 (Mo. banc 1982). We have examined the record, however, and we conclude the trial court did not abuse its discretion in denying the request for the endorsement in that the testimony of Chambers would have been cumulative at best and regarding several issues would have been collateral. *State v. Foulk,* 725 S.W.2d 56, 65 (Mo.App., E.D. 1987); *Bolen,* 731 S.W.2d at 460–61. In addition, this is not a case where the defendant did not locate or know of the witness until the day before the attempted endorsement. *See Mansfield,* 637 S.W.2d at 702–03. Instead, the trial court found that Chambers should have been endorsed "long before this." Finally, the defendant refused to disclose to the court what exactly Chambers would testifying to. Thus, we find no error.

Finally, defendant challenges certain statements of the prosecution during closing argument. We have carefully reviewed his allegations and the record upon which they are based and conclude that no error of law appears. No precedential value would be served by a full opinion on this particular issue. Rule 30.25(b).

Affirmed.

REINHARD and CRIST, JJ., concur.